UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADMI INC., *et al.*, | Case No. 3:25-CV-00553-MMD-CLB |
| Plaintiffs, | **ORDER RE STATUS REPORT AND DIRECTING PARTIES TO FILE JOINT CASE MANAGEMENT REPORT** |
| v. | |
| JOSEPH R. CELLURA, *et al.*, | |
| Defendants. | |

On October 3, 2025, this case was transferred from the United States District Court for the Southern District of New York to the District of Nevada. (ECF No. 101.) The District Court ordered the parties joint status report filed on November 5, 2025. (ECF No. 116.)[1]

The Court has reviewed the status report, which appears to be styled as a letter rather than the required format for filed documents per the Court's Local Rules. Documents submitted to this Court should not be styled or submitted in a letter format. Rather, the Local Rules explicitly outline the required information and format for all filed documents. LR IA 10-2. Attorneys who are admitted to practice in the District of Nevada are required to follow the Court's Local Rules. Any documents submitted to the Court must comply with these rules and any orders from the Court. Failure to follow the Local Rules and orders of this Court will result in sanctions.

Additionally, the status report indicates that, "the parties await the setting of a Case Management Conference with the Court" prior to engaging in discovery or otherwise moving this case forward. (ECF No. 116 at 3.) However, the Local Rules explicitly state that "[u]nless the court orders otherwise, the court will not conduct pretrial conferences." LR 16-2. Rather, pursuant to Local Rule 26, the parties are required to

---

[1] Although this document was submitted as a "joint status report," the document was only signed by counsel for two of the Plaintiffs in this case.

conduct a mandatory Rule 26(f) conference within 30 days after a defendant first answers or "otherwise appears" in a case filed in the District of Nevada. LR 26-1. Thereafter, the parties are required to submit a joint discovery plan and scheduling order within 14 days after the Rule 26(f) conference for the Court's review, which should be signed by all parties. LR 26-1(a). Although this case was transferred from another district, the appearance in this Court by the parties triggered these rules and it is the parties' responsibility to meet and confer and submit a joint discovery plan and scheduling order to the Court for its review.

However, to date, the parties have filed a joint discovery plan and scheduling order. Therefore, to assist the parties and the Court in managing discovery in this case, the Court orders the parties to submit a joint case management report, meaning a report submitted and signed by all parties, for its review pursuant to Federal Rule of Civil Procedure 16.

Therefore, **IT IS HEREBY ORDERED** that:

**A. Meet and Confer**

The parties shall meet and confer on items required to be included in the Joint Case Management Report.

**B. Joint Case Management Report**

After the meet and confer, the parties shall file a Joint Case Management Report by no later than **Thursday, November 20, 2025**. The Case Management Report shall not exceed fifteen (15) pages and shall not include any attached exhibits.

However, if any party fails to participate in preparing the Joint Case Management Report, the non−offending party shall detail the party's effort to get the offending party to participate in drafting the report. The non-offending party shall still file the report. The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this order.

**C. Contents of Joint Case Management Report**

The Joint Case Management Report shall include the following information in

separately numbered paragraphs as designated below:

   1. A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

   2. The jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated;

   3. Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

   4. Whether there are any pending motions, including a brief description of those motions;

   5. Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s);

   6. A complete and detailed statement related to discovery, which addresses the following issues:

      a) The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;

      b) A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests;

      c) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

      d) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

      e) Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery; and,

    f) A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.

  7. A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.

  8. As the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:

    a) A deadline for the completion of discovery;

    b) A deadline for amending the pleadings and adding parties;

    c) Dates for complete disclosure of expert testimony;

    d) A deadline for the filing of dispositive; and,

    e) A date by which the parties will file the joint pretrial order.

The parties shall state whether the dates proposed in this paragraph are within the deadlines specified in LR 26-1(f). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case. If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.

  9. Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.

  10. A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery,

after dispositive motions, etc.

11. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.

Should counsel or a party fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

**IT IS SO ORDERED.**

**DATED**:  November 6, 2025 .

_____
**UNITED STATES MAGISTRATE JUDGE**